IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY E. RILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. ALLISON HART,<br><br>    Defendant. | No. C 07-5839 TEH (PR)<br><br>**ORDER REQUIRING PAYMENT OF FILING FEE PURSUANT TO 28 U.S.C. § 1915** |

    Plaintiff, a prisoner of the State of California currently incarcerated at San Quentin State Prison, in Crescent City, California, filed a civil rights complaint complaining about allegedly unconstitutional actions of police officers from Berkeley, California in pursuing rape charges against Plaintiff. Plaintiff also filed an application to proceed in forma pauperis, which the Court granted in an order filed December 3, 2007. (Docket no.3.) In a separate order filed December 3, 2007, the Court dismissed the complaint in the above-captioned action as duplicative of Plaintiff's complaint filed earlier in this Court: Case No. C 07-4091 TEH (PR). (Docket no. 4.)

    By letter dated May 27, 2008, to the Clerk of the Court, Plaintiff complains of withdrawals from his prison trust account for payment of the Court's filing fee after his complaint was dismissed as duplicative. Subsequently, the Senior Accounting Officer of the Inmate Trust Office at the California State Prison at San Quentin submitted a letter dated June 23, 2008, to the Clerk seeking confirmation of the Court's filing fee of $350.00. As the Court informed Plaintiff upon granting leave to proceed in forma pauperis, Plaintiff is obligated to pay the filing fee of $350.00 for the above-captioned action.

1     The benefit extended under the statute authorizing pauperis suits is a privilege, not a right. <u>Williams v. Field</u>, 394 F.2d 329, 332 (9th Cir.), <u>cert. denied</u>, 393 U.S. 891 (1968). Section 1915 allows the court to waive prepayment of fees, costs or security only upon a truthful and adequate showing of poverty, but does not eliminate that obligation altogether. The waiver permitted under Section 1915 only postpones the obligation to pay the filing fee until the time of a plaintiff's monetary recovery or such other time as a plaintiff is able to pay. If a plaintiff, even though unable to pay the filing fee at the time the complaint is filed, later becomes able to pay the filing fee, such payment may be required before proceeding with the action. Moreover, even if a plaintiff is allowed to proceed without prepayment of the filing fee, plaintiff may nonetheless become obligated to pay the defendant's costs of suit if defendant prevails. Fed. R. Civ. Proc. 54(d); 28 U.S.C. § 1915(f). <u>See</u> <u>Lay v. Anderson</u>, 837 F.2d 231 (5th Cir. 1988); <u>Harris v. Forsyth</u>, 742 F.2d 1277 (11th Cir. 1984); <u>Flint v. Hayes</u>, 651 F.2d 970 (4th Cir. 1981), <u>cert. denied</u>, 454 U.S. 1151 (1982).

     The December 3, 2007, order granting Plaintiff leave to proceed <u>in forma pauperis</u> stated as follows: "The total filing fee due is $350.00 and, in light of Plaintiff's lack of funds, an initial partial filing fee in the amount of $1.30 is due at this time. <u>See</u> 28 U.S.C. § 1915(b)(1)." By granting leave to proceed <u>in forma pauperis</u>, the Court waived prepayment of the filing fee at the time of filing the complaint, but did not waive the filing fee altogether. 28 U.S.C. § 1915(b)(1), (2). The fact that the complaint was dismissed as duplicative does not eliminate Plaintiff's obligation to pay the filing fee when he is able to pay pursuant to 28 U.S.C. § 1915(b)(2). Therefore, the filing fee shall be collected and paid in accordance with the Court's order.

SO ORDERED.

DATED:  07/01/08

_____
THELTON E. HENDERSON
United States District Judge